IN THE ELEVENTH CIRCUIT COURT OF APPEAL
Case No: 14-13511-E

Dist Ct. 6:12-cv-01065-ACC-KRS
EDWARD EAVES
Plaintiff /Appellant

vs.

WORK FORCE CENTRAL FLORIDA

Defendant Appellee

APPEAL FROM THE UNITED STATES DISTRICT COURT,
MIDDLE DISTRICT OF FLORIDA

<u>INITIAL BRIEF OF PLAINTIFF/APPELLANT</u>

Prepared By: pro-se
Edward Eugene Eaves
1767 West Blvd R4
Charlotte, NC 28208

IN THE ELEVENTH CIRCUIT COURT OF APPEAL
Case No:  14-13511-E

Dist Ct. 6:12-cv-01065-ACC-KRS
EDWARD EAVES
Plaintiff /Appellant

vs.

WORK FORCE CENTRAL FLORIDA

Defendant Appellee

APPEAL FROM THE UNITED STATES DISTRICT COURT,
MIDDLE DISTRICT OF FLORIDA

INITIAL BRIEF OF PLAINTIFF/APPELLANT

Prepared By: pro-se
Edward Eugene Eaves
1767 West Blvd R4
Charlotte, NC 28208

1

## CERTIFICATE OF INTERESTED PERSONS

Edward Eaves, the Appellant certifies that the following persons or entities have an interest in the outcome of this appeal.

U.S. District Court for the Middle District of Florida Honorable Chief Judge Anne C Conway 401 W Central Blvd Orlando, FL  32801

Esq.  Chelsie Flynn Defendant/Appellee   300 S Orange Ave, Orlando, FL 32801

## TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS...…………………..…2

TABLE OF CONTENTS...……………………………….…………3

TABLE OF AUTHORITIES……………………….……………..…6

STATEMENT OF JURISDICTION ………………..……………10

STATEMENT OF ISSUES.……………………………………....10

STATEMENT OF THE CASE.……………………………….…...13

SUMMARY OF ARGUMENT...……………………………….…17

ISSUE ONE.………………………………………………..…19

THE DISTRICT COURT ERRED IN ABUSING ITS DISCRETION GRANTING DEFENDANT'S SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION FILED DECEMBER 4, 2013 WHICH ATTAINED UNDER FRAUD, PERJURY, AND WILLFUL AND WONTON DENIAL OF PLAINTIFF'S FIFTH AND FOURTEENTH AMENDMENT CONSTITUTIONAL  RIGHT TO SUBSTANTIVE AND PROCEDURAL DUE PROCESS AND EQUAL PROTECTION OF LAW. THE DISTRICT COURT ERRED CITING IN THE COURTS ORDER DECEMBER 2, 2013, PLAINTIFF FILED HIS THIRD CHARGE MARCH 19, 2013, WHEN THE COURT WAS PROVIDED EVIDENCE PLAINTIFF FILED HIS CHARGE FEBRUARY 26, 2013. AND GRANTING DEFENDANT A SUMMARY JUDGMENT AFTER COMMITTING FRAUD CITING FCHR HAS NOT SUBMITTED A FINDING OF PLAINTIFF'S THIRD CHARGE {SEE PAGE *9 SECTION 17 DEF SUMMARY JUDGMENT FALSELY PURPORTINGPLAINTIFF'S FCHR CHARGE WAS FILED MARCH 19, 2013 AND CITING TO THE COURTA DETERMINATION HAD NOT BEEN MADE YET CONTRADICTING DEFENDANT'S STATMENT APRIL 11, 2013.SEE PAGE 15 SECTION C1 PURPORTING PLAINTIFF FAILEDTO*

*EXHAUST HIS ADMINISTRATIVE REMIDIES FORRETALIATION CLAIM}*

ISSUE TWO...............................................................21

THE DISTRICT COURT ABUSED ITS DISCRETION IN OVERULING PLAINTIFF'S OBJECTIONS TO DEFENDANT ISSUING FRAUDULENT AFFIDAVITS TO THE COURT BY KEVIN NEAL AND JOYCE HINTON. THE DISTRICT COURT ABUSED ITS DISCRETION OVERULING PLAINTIFF'S OBJECTIONS TO HEARSAY STATEMENTS IN KEVIN NEALS AFFIDAVIT.   THE COURT GRANTED DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ALTHOUGH THE COURT WAS AWARE BOTH AFFIDAVITS WERE NEITHER IN COMPLIANCE WITH THE FEDERAL RULES OF CIVIL PROCEDURE NOR WAS EITHER AFFIDAVIT SWORN TO UNDER THE PENALTY OF PERJURY AND WERE NOTORIZED BY KEVIN NEAL'S ADMINISTRATIVE EMPLOYEE. THE DISTRICT COURT WAS AWARE DEFENDANT PRACTICED DECEPTION WITH THE COURT. ALLOWING DEFENDANT TO CREATE A MATERIAL ISSUE FALSELY PURPORTING TO THE COURT IN TWO FRAUDULENT AFFIDAVITS PLAINTIFF WAS FIRED DECEMBER 21, 2011, FOR WORKPLACE VIOLENCE. DEFENDANT DID NOT PROVIDE A REBUTTAL STATEMENT TO "EEOC" WHICH NEITHER STATES THE ARGUMENT THAT PLAINTIFF COMMITTED TO WORK PLACE VIOLENCE. NOR DOES DEFENDANT MENTION THIS ARGUMENT IN THEIR REBUTTAL TO EEOC. SUBSEQUENTLY, DEFENDANT WAS CONTACTED BY THE FLORIDA DIVISION OF UNEMPLOYMENT. DEFENDANT WAS REQUESTED TO PROVIDE A STATEMENT CONCERNING PLAINTIFF'S TERMINATION. DEFENDANT REFUSED. PLAINTIFF WAS AWARDED HIS UNEMPLOYMENT. DEFENDANT CREATED A MATERIAL ISSUE TO ATTAIN A SUMMARY JUDGMENT.

ISSUE THREE...................................................................24

THE DISTRICT COURT ERRED IN DENYING PLAINTIFF HIS MOTION FOR
RECONSIDERATION FILED DECEMBER 4, 2013, ALTHOUGH THE COURT
WAS PROVIDED EVIDENCE OF PERJURY DECEPTION AND WILLFULL
CONCEALMENT OF EVIDENCE DENYING PLAINTIFF HIS SUBSTANTIVE
AND PROCEDURAL DUE PROCESS RIGHTS.  THE DEFENDANT NOTIFIED
THE FLORIDA COMMISSION ON HUMAN RELATIONS APRIL 11, 2013.
DEFENDANT WILLFULLY AND KNOWINGLY COMMITTED PERJURY IN A
FRAUDULENT STATEMENT TO FCHR THAT THE DISTRICT COURT HAD
CURRENT JURISIDICTION OVER PLAINTIFF'S THIRD CHARGE OF
DISCRIMINATION AND FALSELY PURPORTED TO FCHR THAT
PLAINTIFF'S CHARGE WERE CURRENTLY UNDER THE JURISDICTION OF
THE U.S. DISTRICT COURT UNDER NO. 6:12 CV-1065-ORL-18KRS. THE
DISTRICT COURT RULED IN AN EARLIER DECISION (DENYING)
PLAINTIFF RELIEF ON THIS ISSUE THE DISTRICT COURT RULED THAT
PLAINTIFF'S THIRD CHARGE OF DISCRIMINATION CITING RETALIATION
WAS NOT BEFORE THE COURT BASED UPON DEFENDANT'S EARLIER
MOTION FILED WITH THE U.S. DISTRICT COURT CITING PLAINTIFF DID
NOT EXHAUST HIS ADMINISTATIVE REMEDIES.   THE U.S. DISTRICT
COURT GRANTED DEFENDANT'S MOTION CITING THAT PLAINTIFF DID
NOT EXHAUST HIS ADMINISTRATIVE REMEDIES AND PLAINTIFF'S
THIRD CHARGE WAS NOT BEFORE THE COURT. SUBSEQUENTLY
DENYING PLAINTIFF HIS DUE PROCESS RIGHTS BASED UPON
DEFENDANT'S ISSUANCE UNDER FRAUD PROVIDING THE FLORIDA
COMMISSION ON HUMAN RELATIONS A LETTER APRIL 11, 2013,
CITING THE U.S. DISTRICT COURT HAD JURISDICTION OVER
PLAINTIFF'S THIRD CHARGE WHEN THE U.S. DISTRICT COURT ENTERED
AN EARLIER ORDER DENYING PLAINTIFF RELIEF. FCHR ISSUED A
DETERMINATION NO JURISDICTION. PLAINTIFF WAS ENTITLED TO
RELIEF PURSUANT TO HIS FEBRUARY 26, 2013, TIMELY CHARGE WITH
FCHR. PLAINTIFF WAS ENTITLED UNDER FLORIDA LAW TO FILE HIS
CHARGE 365 THREE HUNDRED SIXTY FIVE DAYS FROM THE
DISCRIMINATORY ACT. DEFENDANT DISCRIMINATED AGAINST
PLAINTIFF MARCH 5, 2012, IN RETALIATION FOR AN EARLIER EEOC
CHARGE FILED DECEMBER 7, 2011. PLAINTIFF FILED A SEPARATE AND
TIMELY THIRD CHARGE OF RETALIATION WITH FCHR FEBRUARY 26,

2013.

CONCLUSION………………………………………………….30

CERTIFICATE OF TYPED SIZED AND STYLE……………..30

CERTIFICATE OF SERVICE…………………………………..30

## TABLE OF AUTHORITIES

<u>Cases</u>

<u>Occidental Life Ins. Co</u>. v. EEOC, 432 U.S. 355 (1977)

<u>LedBetter v. Good Year Tire & Rubber Co</u>, certiorari to the U.S. States Court of appeals for the Eleventh Circuit No -1074

42 U.S.C. 2000(e) (1) (1994)

536 U.S. 101 (2002)

<u>National Rail Road Passenger Corporation </u>v. Morgan United States Supreme Court.

Section 2000e-5(e)(1)

*Anderson* v. *Reno,* <u>190 F. 3d 930, 936 (CA9 1999)</u>).

232 F. 3d 1008, 1014 (2000)

*Alexander* v. *Gardner Denver Co.,* 415 U. S. 36, 47 (1974)

*Zipes* v. *Trans World Airlines,* <u>*Inc.,* 455 U. S. 385, 393 (1982)</u>

<u>*Baldwin County Welcome Center* v. *Brown,* 466 U. S. 147, 152 (1984) *(per curiam)*</u>

<u>Miller </u>v. <u>City of Philadelphia</u>, 174 F. 3d 368 (1999)

Tishcon Corp v. Soundview Communications, Inc (2005) WL
6038743 (N.I.D. Ga 2005); United States v. Bueno-Vargas 383
F3rd, 1104, 1111, (9th Cir. 2004)

Riley v. Jones, Bros, Constr. Co, 198 Ill APP 822, 826, 556, N.E.
2d 602, 144 Ill Dec. 924 1st District (1990)

Gell v. Town of Aulander, 252 F.R.D. 297 EDNC (2008); Friedel
v. City of Madison, 832 F 2d. 965 (7th Cir 1987).

National Labor Relations, v. Life Door Co, 390 F2d. 272, 275-76 (4th
Cir.1968; Nissho Iwai. AM. Corp v. Kline, 845 F2d-1300, 1305 (5th Cir.
1988).

State v. Bowman, 1989

Gell v. Town of Aulander, 252 F.R.D. 297 (E.D.N.C. 2008); Friedel v.
Cityof Madison, 832 F2d. 965 (7th Cir 1987).

Cain v. Green Tweed & Co, Inc. 823 A 2d 737, 740 (Del 2003)

 ORSI v. Kirkwood, 999 F.2d 86,91, (4th Cir. 1993)

Schelsteder v. Montgomery County Tex, 2006 WL 117883, at 3 (S.D.

Tex. 2006), Tishcon Corp v. Sound view communications, Inc. 2005 WL

6038743 at 4 C.N.D. (Ga 2005); United States, v. Bueno-Vargas, 383, F.

3d 1104, 1111 (9th Cir. 2004).


Constitutional Provisions   Fourteenth And Fifth Amendment
Right to Due Process.

## TABLE OF RECORD REFERENCE IN BRIEF

| Page No: | Docket Entry No: |
|---|---|
| Civil Rights Complaint | DE-1 |
| Defendant Motion for Summary Judgment | DE-145 |
| Plaintiff Opposition to Summary Judgment | DE-149 |

District Court order Motion for Reconsideration May 30, 2014
…………………………………………………………………………………………………….DE-197

Affidavit of Kevin Neal and Joyce Hinton Defendant Exhibit (1)&
(2)……………………………………………………………………………………………………..DE-145

April 11, 2013, Ford & Harrison Fraudulent Correspondence to the
Florida Commission on Human Relations referencing FCHR
201300850/EEOC15d201300318 –Eaves v. Work Force Central
Fl…………………………………………………..DE-149/150/151/152/153/154/155

EEOC Charge 510-2012-01123 December 30, 2012…………………..DE- 1

EEOC Charge 510-2012-01123 March 22, 014…………………………DE- 1

Florida Commission on Human Relations Charge No: 201300850
…………………………………………….. DE-149/150/151/152/153/154/155

Email/Exhibit provided to the District Court and Defendant Dated
February 26, 2013, "Request to File Formal Employment
Discrimination Complaint……….. DE-149/150/151/152/153/154/155

Notice of Dismissal Florida Commission on Human Relations October
24, 2013; Notice of Determination No Jurisdiction; and Investigative
Memorandum…………………………. DE-149/150/151/152/153/154/155

Defendant's Rebuttal Statement to EEOC Charge 510-2012-
01123………………………………………… DE-149/150/151/152/153/154/155

Defendant's Exhibit F Defendant's Witness List for Trial EEOC
Investigator Timothy Davis……… DE-149/150/151/152/153/154/155

2011 Florida Statutes Chapter 443 Unemployment Compensation
Statute 443.101 -Disqualification for Benefits………… DE-
149/150/151/152/153/154/155

 Correspondence June 4, 2013, FLORIDA COMMISSION ON HUMAN
RELATIONS DE-149/150/151/152/153/154/155

Correspondence July 10, 2013, Chief Inspector General Office of the
Governor Reference FCHR Charge 201300850DE-
149/150/151/152/153/154/155

Email from EEOC Investigator Timothy Davis March 23, 2012, to
Appellant & Email to Timothy Davis EEOC Investigator from
Appellant……………………………………. DE-149/150/151/152/153/154/155

<u>STATEMENT OF JURISDICTION</u>

This is an Appeal from the final decision of a District Court of the United States

granting a Defendant Summary Judgment Relief from a Civil Rights Complaint

filed in the U.S. District Court. The Jurisdiction of this court has been invoked

under 28 U.S.C. 1291, Title VII of the Civil Rights Act of 1964, as amended,

42 U.S.C. Section(s) 2000e et seq., and the Civil Rights Act of 1866, as

amended by the Civil Rights Restoration Act of 1991, 42 U.S.C. Section

1981.

<u>STATEMENT OF THE ISSUES</u>

<u>ISSUE ONE</u>

THE DISTRICT COURT ERRED IN ABUSING ITS DISCRETION DENYING
PLAINTIFF'S MOTION FOR RECONSIDERATION FILED DECEMBER 4,
2013, PURSUANT TO A SUMMARY JUDGMENT ENTERED IN FAVOR OF
THE DEFENDANT WHICH ATTAINED UNDER FRAUD, PERJURY, AND
WILLFUL AND WONTON DENIAL OF PLAINTIFF'S FIFTH AND
FOURTEENTH AMENDMENT CONSTITUTIONAL RIGHT TO
SUBSTANTIVE AND PROCEDURAL DUE PROCESS AND EQUAL
PROTECTION OF LAW. THE DISTRICT COURT ERRED CITING IN THE
COURTS ORDER DECEMBER 2, 2013, PLAINTIFF FILED HIS THIRD
CHARGE MARCH 19, 2013, WHEN THE COURT WAS PROVIDED
EVIDENCE PLAINTIFF FILED HIS CHARGE FEBRUARY 26, 2013. AND
GRANTING DEFENDANT A SUMMARY JUDGMENT AFTER
COMMITTING FRAUD CITING FCHR HAS NOT SUBMITTED A FINDING
OF PLAINTIFF'S THIRD CHARGE {SEEPAGE *9 SECTION 17 DEF
SUMMARY JUDGMENT FALSELY PURPORTINGPLAINTIFF'S FCHR
CHARGE WAS FILED MARCH 19, 2013 AND CITING TO THE COURTA
DETERMINATION HAD NOT BEEN MADE YET CONTRADICTING*

10

*DEFENDANT'S STATMENT APRIL 11, 2013.SEE PAGE 15 SECTION C1
PURPORTING PLAINTIFF FAILEDTO EXHAUST HIS ADMINISTRATIVE
REMEDIES FOR RETALIATION CLAIM}*

## ISSUE TWO

THE DISTRICT COURT ABUSED ITS DISCRETION IN OVERULING
PLAINTIFF'S OBJECTIONS TO DEFENDANT ISSUING FRAUDULENT
AFFIDAVITS TO THE COURT BY KEVIN NEAL AND JOYCE HINTON.
THE DISTRICT COURT ABUSED ITS DISCRETION OVERULING
PLAINTIFF'S OBJECTIONS TO HEARSAY STATEMENTS IN KEVIN
NEALS AFFIDAVIT.   THE COURT GRANTED DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ALTHOUGH THE COURT WAS AWARE
BOTH AFFIDAVITS WERE NEITHER IN COMPLIANCE WITH THE
FEDERAL RULES OF CIVIL PROCEDURE NOR WAS EITHER AFFIDAVIT
SWORN TO UNDER THE PENALTY OF PERJURY AND WERE
NOTORIZED BY KEVIN NEAL'S ADMINISTRATIVE EMPLOYEE. THE
DISTRICT COURT WAS AWARE DEFENDANT PRACTICED DECEPTION
WITH THE COURT. ALLOWING DEFENDANT TO CREATE A MATERIAL
ISSUE FALSELY PURPORTING TO THE COURT IN TWO FRAUDULENT
AFFIDAVITS PLAINTIFF WAS FIRED DECEMBER 21, 2011, FOR
WORKPLACE VIOLENCE. DEFENDANT DID NOT PROVIDE A REBUTTAL
STATEMENT TO "EEOC" WHICH NEITHER STATES THE ARGUMENT
THAT PLAINTIFF COMMITTED TO WORK PLACE VIOLENCE NOR DOES
DEFENDANT MENTION THIS ARGUMENT IN THEIR REBUTTAL TO
EEOC. SUBSEQUENTLY, DEFENDANT WAS CONTACTED BY THE
FLORIDA DIVISION OF UNEMPLOYMENT. DEFENDANT WAS
REQUESTED TO PROVIDE A STATEMENT CONCERNING PLAINTIFF'S
TERMINATION. DEFENDANT REFUSED. UNDER FLORIDA LAW AN
EMPLOYEE IS NOT <u>ELIGIBLE FOR BENEFITS FOR</u> (MISCONDUCT)
CONNECTED WITH HIS WORK. PLAINTIFF WAS AWARDED HIS
UNEMPLOYMENT. DEFENDANT CREATED A MATERIAL ISSUE TO
ATTAIN A SUMMARY JUDGMENT.

## ISSUE THREE

THE DISTRICT COURT ERRED IN DENYING PLAINTIFF HIS MOTION FOR
RECONSIDERATION FILED DECEMBER 4, 2013, ALTHOUGH THE COURT WAS
PROVIDED EVIDENCE OF PERJURY DECEPTION AND WILLFULL CONCEALMENT OF
EVIDENCE DENYING PLAINTIFF HIS SUBSTANTIVE AND PROCEDURAL DUE
PROCESS RIGHTS.  THE DEFENDANT NOTIFIED THE FLORIDA COMMISSION ON
HUMAN RELATIONS APRIL 11, 2013. DEFENDANT WILLFULLY AND KNOWINGLY
COMMITTED PERJURY IN A FRAUDULENT STATEMENT TO FCHR THAT THE
DISTRICT COURT HAD CURRENT JURISIDICTION OVER PLAINTIFF'S THIRD CHARGE
OF DISCRIMINATION AND FALSELY PURPORTED TO FCHR THAT PLAINTIFF'S
CHARGE WERE CURRENTLY UNDER THE JURISDICTION OF THE U.S. DISTRICT
COURT UNDER NO. 6:12 CV-1065-ORL-18KRS. THE DISTRICT COURT RULED IN AN
EARLIER DECISION (DENYING) PLAINTIFF RELIEF ON THIS ISSUE. THE DISTRICT
COURT RULED THAT PLAINTIFF'S THIRD CHARGE OF DISCRIMINATION CITING
RETALIATION WAS NOT BEFORE THE COURT BASED UPON DEFENDANT'S EARLIER
MOTION FILED WITH THE U.S. DISTRICT COURT CITING PLAINTIFF DID NOT
EXHAUST HIS ADMINISTATIVE REMEDIES.   THE U.S. DISTRICT COURT GRANTED
DEFENDANT'S MOTION CITING THAT PLAINTIFF DID NOT EXHAUST HIS
ADMINISTRATIVE REMEDIES AND PLAINTIFF'S THIRD CHARGE WAS NOT BEFORE
THE COURT. SUBSEQUENTLY DENYING PLAINTIFF HIS DUE PROCESS RIGHTS
BASED UPON DEFENDANT'S ISSUANCE UNDER FRAUD PROVIDING THE FLORIDA
COMMISSION ON HUMAN RELATIONS A LETTER APRIL 11, 2013, CITING THE U.S.
DISTRICT COURT HAD JURISDICTION OVER PLAINTIFF'S THIRD CHARGE WHEN THE
U.S. DISTRICT COURT ENTERED AN EARLIER ORDER DENYING PLAINTIFF RELIEF.
FCHR ISSUED A DETERMINATION NO JURISDICTION. PLAINTIFF WAS ENTITLED TO
RELIEF PURSUANT TO HIS FEBRUARY 26, 2013, TIMELY CHARGE WITH FCHR.
PLAINTIFF WAS ENTITLED UNDER FLORIDA LAW TO FILE HIS CHARGE 365 THREE
HUNDRED SIXTY FIVE DAYS FROM THE DISCRIMINATORY ACT. DEFENDANT
DISCRIMINATED AGAINST PLAINTIFF MARCH 5, 2012, IN RETALIATION FOR AN
EARLIER EEOC CHARGE FILED DECEMBER 7, 2011. PLAINTIFF FILED A SEPARATE
AND TIMELY THIRD CHARGE OF RETALIATION WITH FCHR FEBRUARY 26, 2013.

## STATEMENT OF THE CASE

APPELLANT, Edward Eugene Eaves, Plaintiff in the Federal District Court below,

will be referred to as "Appellant" herein. (WFCF) Work Force Central Florida,

Defendant in the Federal District Court for the Middle District of Florida below will

be referred to herein as "Appellee."

## A COURSE OF PROCEEDING AND DISPOSITION IN THE DISTRICT COURT AND STATEMENT OF FACTS

Appellant, Edward Eaves, plaintiff in Civil Action No:  6:12-cv-1065-Orl-

22KRS (DE-1-27-31-33) captioned as Edward Eaves v. Work Force Central

Florida, in the United States District Court for the Middle District of Florida,

Orlando Division, filed a pro-se civil rights complaint alleging that plaintiff was

discriminated against and retaliated against for filing an EEOC charge against

Work Force Central Florida in which the Hon. Anne C Conway presided. In the

lawsuit, Civil Action No. 6:12-cv-1065- ORL -22KRS filed July 12, 2012,

PLAINTIFF alleged Gender Discrimination and Retaliation under Title VII of the

Civil Rights Act of 1964, (Title VII)  42 U.S.C. section 2000e. ….. The complaint

asserted that Plaintiff was an employee at Work Force Central Florida. The

complaint further alleged that this action was based on the fact that Plaintiff filed a

Discrimination Charge December 7th, 2011; with a request for an amendment

December14th, 2011; and on December 21st, 2011, a second request for an

amendment citing Retaliation was filed after plaintiff was fired December 21, 2011. Petitioner notified his employer of the complaint **December 19, 2011.** Subsequently, two days later, **December 21, 2011,** Plaintiff was fired in retaliation for filing a discrimination complaint. The U.S. District court granted Defendant a **summary judgment December 2, 2013,** which was attained under perjury and fraud. The respondent filed a motion for summary judgment riddled with fraud. In particular, two affidavits were submitted to the court knowingly, prepared without legal standing and in violation of the Federal Rules of Civil Procedure. Moreover, defendant submitted to the court willfully, documentation which the defendant was aware was false relating to plaintiff's Retaliation charge filed with the (FCHR) *Florida Commission on Human Relations* February 26, 2013.

The District court granted a summary judgment based upon the submissions of two fraudulent affidavits which were neither in compliance with the FRCP nor legally sufficient to grant a summary judgment pursuant to the Federal Rules of Civil Procedure **Doc 167**. It was clear that both affidavits were premised on fraud, perjury and deception. Defendant did not raise any issue of the Plaintiff's (alleged) behavior until their submission of the fraudulent affidavits to create a material issue.  Moreover, the court was aware of this and also was provided copies of the respondents **Rebuttal statement to EEOC,** which contains nothing whatsoever within their Rebuttal pertaining to Plaintiff's behavior and/or any suggestion or

14

comments thereto. <u>Defendant's actions and falsely purported claims were made to</u> <u>create a de-facto Material Issue in-order to attain a summary judgment</u>. Additionally, the court was aware that both affidavits did not have the required Legal Standing pursuant to the FRCP. Both affidavits contained Hearsay testimony; and both affidavits were without Sworn Statements under the Penalty of Perjury. Both Affidavits were notarized by an employee of the defendant (Yvonne Van Bochoven- Account Specialist). Said employee was the Account Specialist for Kevin Neal. The court if not aware was provided a continued stream of deceptive legal maneuvering. <u>Defendant, a known Defense Lawyer practicing Employment</u> <u>Law, knew unequivocally, the FRCP required all affidavits submitted to the court</u> <u>were required to be sworn to under the Penalty of Perjury.</u> *Defendant skipped this step intentionally, because both affidavits contained fraud and perjury. Thus, because Plaintiff is Pro-Se those illegal steps to obtain a summary judgment under fraud were taken. The court was required to examine these facts and deny the Defendant a summary judgment.*

Additional fraudulent statements were issued to the court from the Defendant falsely purporting that Plaintiff filed his Third Discrimination charge March 19, 2013, when Plaintiff filed his third charge February 26, 2013, and provided the District Court and Defendant with proof as such. In Plaintiff's original EEOC charge filed December 7, 2011, Defendant notified Timothy Davis,

15

EEOC investigator and requested that he deny Plaintiff an Amendment to his charge. Plaintiff notified Davis on December 21, 2011, and requested an amendment to his EEOC charge for Retaliation. After several phone calls and emails requesting an amendment, and No Reply, Davis e-mailed Plaintiff his Amended charge March 22, 2012, but, refused to Amend Plaintiff's LATEST DATE OF DISCRIMINATION FROM December 13, 2011, to December 21, 2011. Plaintiff crossed out the Latest date of discrimination (December 13, 2011 to December 21, 2011). *Davis e-mailed Plaintiff on March 23, 2012, and asked Plaintiff why he changed the date on his Amended charge. Although Davis was notified by Plaintiff's several times for an amendment it was not honored.* Simultaneously, during this Process, Defendant filed a Motion to Dismiss Plaintiff's Amended charge of retaliation citing Plaintiff did not exhaust his administrative remedies. Although, it was Defendant who requested that Davis deny Plaintiff an amendment to his charge. When this failed, because Plaintiff changed the date to the correct date of December 21, 2011, and respondent's Motion to Dismiss was denied, Defendant notified the Florida Commission on Human Relations requesting  they deny Plaintiff his substantive and procedural Due Process Rights by not processing Plaintiff's FCHR charge FILED February 26, 2013. Defendant issued a letter to FCHR APRIL 11, 2013, submitting knowingly, fraudulent information.

## SUMMARY OF ARGUMENT

Plaintiff's rights under the Due Process Clause of the 14th amendment were severely abridged in his civil suit against defendant. *Had the Federal U.S. District Court's strong appearance of impropriety been addressed the outcome of the process would have been different.* Thus, Plaintiff Filed Several motions during the legal process of Corruption; Deceptive Legal Practice; Untruthful Statements and Unethical Practice; Perjury and Fraud were openly practiced by Defendant. The District Court was submitted Docs *72, 75, 76, 77, 79, 80, 82, 83, 84, 86, 87, 91, 92, 93, 95, 96, 98, 99, 100, 103, 105, 107, 109, 119, 120, 121, 125, 132, 142.* When these Issues were raised by the Plaintiff the District Court respectfully, did not closely examine plaintiff's claims and the ongoing issues aforementioned. The District Court denied Plaintiff due process and equal protection of law. The District Court respectfully, declined to examine those issues because Plaintiff is Pro-Se. Had the District Court acted on the Defendant's continues and willful concealment of their Insurance Policies with Zurich Insurance, their Bad Faith throughout the legal process, their Frivolous Motions, and their Continues Perjury of statements during the Legal Process, it might have been more inclined to examine those strongly disputed material facts raised by Plaintiff. The U.S. District has indisputably denied plaintiff his constitutional rights because of his status pro-

17

se. The Defendant without question continually practiced Law in a manner whereby, the core of their defense was *Legal Manipulation of the facts and Perjury*. The defendant has attained a judgment under fraud and the court is aware of the undisputed evidence. It is the judge's obligation to disclose all possibly disqualifying facts for a "summary judgment." Worse yet, plaintiff presented those facts prior to the court's issuance of a summary judgment. A reasonable person _would_ question these facts wherein, a lawyer has committed the most egregious acts in performance of her duties and these issues were exposed at the inception. Yet, because it was a pro-se plaintiff those facts were ignored. Defendant willfully covered up evidence, committed fraud, altered testimony, and was summarily granted a summary judgment. Although the court is aware defendant committed fraud and perjury defendant maintains a status of JUDGMENT attained under fraud.

Plaintiff respectfully suggests that the District Court has misconstrued the law and/or facts herein and submits that this court respectfully should reconsider the District Court entry of final judgment. Plaintiff has been denied justice and there is no longer a faith in the integrity of fairness and justice in the federal judicial system. Petitioner has no other alternative but, to seek Justice from an impartial panel which will not deny a plaintiff JUSTICE based upon his status Pro-Se. Civil Rights seemingly, is neither respected nor considered as a current law

18

under this type of denial of justice. Evidence, not allegations, but evidence shows the willful and fraudulent conduct of the respondent. However, because plaintiff is pro-se and he's not a member of the FLORIDA bar the applicable statute under Civil Rights when filing an EEOC charge was not considered. Seemingly, an employment law firm who has committed all the acts of defiance, fraud, perjury, and legal maneuvering during this case has been granted a right to conduct such behavior because they're  an employment law firm representing a State Government Agency under the direction of the Governor for the State of Florida.

<u>ISSUE ONE</u>

THE DISTRICT COURT ERRED IN ABUSING ITS DISCRETION DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION  FILED DECEMBER 4, 2013, PURSUANT TO A SUMMARY JUDGMENT ENTERED IN FAVOR OF THE DEFENDANT  WHICH ATTAINED UNDER FRAUD, PERJURY, AND WILLFUL AND WONTON DENIAL OF PLAINTIFF'S FIFTH AND FOURTEENTH AMENDMENT CONSTITUTIONAL  RIGHT TO SUBSTANTIVE AND PROCEDURAL DUE PROCESS AND EQUAL PROTECTION OF LAW. THE DISTRICT COURT ERRED CITING IN THE COURTS ORDER DECEMBER 2, 2013, PLAINTIFF FILED HIS THIRD CHARGE MARCH 19, 2013, WHEN THE COURT WAS PROVIDED EVIDENCE PLAINTIFF FILED HIS CHARE FEBRUARY 26, 2013. AND GRANTING DEFENDANT A SUMMARY JUDGMENT AFTER COMMITTING FRAUD CITING FCHR HAS NOT SUBMITTED A FINDING OF PLAINTIFF'S THIRD CHARGE {*SEE PAGE 9 SECTION 17 DEF SUMMARY JUDGMENT FALSELY PURPORTINGPLAINTIFF'S FCHR CHARGE WAS FILED MARCH 19, 2013 AND CITING TO THE COURTA DETERMINATION HAD NOT BEEN MADE YET CONTRADICTING DEFENDANT'S STATMENT APRIL 11, 2013.SEE PAGE 15 SECTION C1 PURPORTING PLAINTIFF FAILEDTO EXHAUST HIS ADMINISTRATIVE REMIDIES FORRETALIATION CLAIM}*

19

March 5, 2013, Plaintiff applied for six positions with the defendant.

February 26, 2013,  Plaintiff timely filed a Third charge of retaliation in violation

of Title VII, of the 1964 Civil Rights Act, the Age Discrimination Employment

Act of 1967, 29 U.S.C. 621   with the American Disabilities Act of 1990, 42

U.S.C. 1201 and the Florida Civil Rights Act, Fla. statute 7601.  The U.S. District

Court and Lead counsel for defendant were provided evidence in the form of an

e-mail dated February 26, 2013, proffering undisputed facts that Plaintiff timely

filed his FCHR charge February 26, 2013. The emails authenticate that Plaintiff

timely filed his FCHR charge with FCHR. Plaintiff persistently notified FCHR

demanding that his charge be prepared. Plaintiff notified the Director for FCHR

March 15, 2013. Plaintiff e-mailed Mrs. Wilson, Executive Director for FCHR

alerting her that his charge was being denied PROCESSING. Plaintiff also advised

Mrs. Wilson Defendant was arguing plaintiff did not file on time. Defendant

manipulated the core issue of a complainant's right to file a timely discrimination

charge. By contacting the FCHR, Defendant was able to convince FCHR to prepare

Plaintiff's charge March 15, 2013.

Subsequently, FCHR refused to issue a determination citing No Jurisdiction

because Defendant contacted FCHR and knowingly made fraudulent statements. In

Defendant's April 11, 2013, correspondence Defendant informs FCHR that the

U.S. District Court (currently) had jurisdiction over Plaintiff's charge involving

these aforementioned claims. However, Defendant willingly committed perjury.

The U.S. District court ruled in an earlier decision that Plaintiff's charge of

retaliation "relating "specifically, to March 5, 2013 charge of retaliation <u>were not</u>

<u>before the court</u>." Thus, Defendant perpetrated to FCHR that Plaintiff's March

2013 Retaliation Charge was currently pending before the U.S. District Court.

DEFENDANT WENT AS FAR AS DEMANDING AND DOCUMENTING IN

THEIR APRIL 11, 2013, CORRESPONDENCE TO FCHR NOT TO DISCLOSE

THEIR FRAUDULENT  RESPONSE TO ANYONE.  FCHR refused to rule on

charge and deemed the charge to be NO JURISDICTION.

<u>ISSUE TWO</u>

THE DISTRICT COURT ABUSED ITS DISCRETION IN OVERULING
PLAINTIFF'S OBJECTIONS TO DEFENDANT ISSUING FRAUDULENT
AFFIDAVITS TO THE COURT BY KEVIN NEAL AND JOYCE HINTON.
THE DISTRICT COURT ABUSED ITS DISCRETION OVERULING
PLAINTIFF'S OBJECTIONS TO HEARSAY STATEMENTS IN KEVIN
NEALS AFFIDAVIT.  THE COURT GRANTED DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ALTHOUGH THE COURT WAS AWARE
BOTH AFFIDAVITS WERE NEITHER IN COMPLIANCE WITH THE
FEDERAL RULES OF CIVIL PROCEDURE NOR WAS EITHER AFFIDAVIT
SWORN TO UNDER THE PENALTY OF PERJURY AND WERE
NOTORIZED BY KEVIN NEAL'S ADMINISTRATIVE EMPLOYEE. THE
DISTRICT COURT WAS AWARE DEFENDANT PRACTICED DECEPTION
WITH THE COURT.  ALLOWING DEFENDANT TO CREATE A MATERIAL
ISSUE FALSELY PURPORTING TO THE COURT IN TWO FRAUDULENT
AFFIDAVITS PLAINTIFF WAS FIRED DECEMBER 21, 2011, FOR
WORKPLACE VIOLENCE. DEFENDANT DID NOT PROVIDE A REBUTTAL

21

STATEMENT TO "EEOC" WHICH NEITHER STATES THE ARGUMENT
THAT PLAINTIFF COMMITTED TO WORK PLACE VIOLENCE. NOR DOES
DEFENDANT MENTION THIS ARGUMENT IN THEIR REBUTTAL TO
EEOC. SUBSEQUENTLY, DEFENDANT WAS CONTACTED BY THE
FLORIDA DIVISION OF UNEMPLOYMENT. DEFENDANT
WAS REQUESTED TO PROVIDE A STATEMENT CONCERNING PLAINTIFF'S
TERMINATION. DEFENDANT REFUSED. PLAINTIFF WAS AWARDED HIS
UNEMPLOYMENT. DEFENDANT CREATED A MATERIAL ISSUE TO
ATTAIN A SUMMARY JUDGMENT.

Defendant filed a Motion for Summary Judgment August 18, 2013.

Defendant issued to the court knowingly, two fraudulent affidavits from Kevin

Neal and Joyce Hinton. Neither affidavit was sworn to under the Penalty of

Perjury. Each affidavit was riddled with fraudulent statements and hearsay

testimony. Each affidavit was notarized by an employee of the defendant, later

discovered to be the Account Specialist for Kevin Neal, Work Force Central

Florida. Defendant was aware of this, and Defendant's attorney. However, did not

divulge this point to the court. *Plaintiff filed a Motion for Reconsideration (DOC)*

*169 December 3, 2013. Following a Motion to Strike; and motions thereafter;*

*DOC 170, Motion to Strike Reconsideration; DOC 171, Amendment to Motion for*

*Reconsideration/Affidavit of Edward Eaves; DOC 172, Amendment to Motion for*

*Reconsideration; DOC  173, Motion for Leave to File Third Amended Motion for*

*Reconsideration; DOC 174, Motion for Leave to file Affidavit in support of Third*

*Amended Motion; DOC 175, Motion to Strike Neal and Hinton's Affidavit and*

*memorandum of law; DOC 176, Amended Motion to strike Defendant Neal and Hinton's affidavit in support of Plaintiff's Motion for Reconsideration; DOC 185,189 ,Second Amended Motion to strike Neal and Hinton's Affidavit with NEWLY DISCOVERED evidence; DOC 192, Motion for leave to respond to Defendant's Response in Opposition to Second Amended Motion to Strike Neal and Hinton's Affidavit.* The Court issued an order February 18, 2014 citing eight Motions Remain Pending Docs, 169, 170, 173, 174, 175, 176, 185, and 192. *The Court issued an order Striking Doc 185* Second Amended Motion to Strike Neal and Hinton's Affidavit, Doc 192 Motion for Leave to respond to Defendant's response in opposition to second and Amended Motion to strike Neal and Hinton's Affidavits,   192, and Doc 193, Amendment to 192 Motion for leave to file response to Defendant's response in opposition to Second Amended Motion to Strike Neal and Hinton's Affidavits.  May 30, 2014, The District Court issued an order denying Docs, *169, 170, 170, 173, 174, 175, 176.*

## ISSUE THREE

THE DISTRICT COURT ERRED IN DENYING PLAINTIFF HIS MOTION FOR
RECONSIDERATION FILED DECEMBER 4, 2013, ALTHOUGH THE COURT WAS
PROVIDED EVIDENCE OF PERJURY DECEPTION AND WILLFULL CONCEALMENT OF
EVIDENCE DENYING PLAINTIFF HIS SUBSTANTIVE AND PROCEDURAL DUE
PROCESS RIGHTS.  THE DEFENDANT NOTIFIED THE FLORIDA COMMISSION ON
HUMAN RELATIONS APRIL 11, 2013. DEFENDANT WILLFULLY AND KNOWINGLY
COMMITTED PERJURY IN A FRAUDULENT STATEMENT TO FCHR THAT THE
DISTRICT COURT HAD CURRENT JURISIDICTION OVER PLAINTIFF'S THIRD CHARGE
OF DISCRIMINATION AND FALSELY PURPORTED TO FCHR THAT PLAINTIFF'S
CHARGE WERE CURRENTLY UNDER THE JURISDICTION OF THE U.S. DISTRICT
COURT UNDER NO. 6:12 CV-1065-ORL-18KRS. THE DISTRICT COURT RULED IN AN
EARLIER DECISION (DENYING) PLAINTIFF RELIEF ON THIS ISSUE THE DISTRICT
COURT RULED THAT PLAINTIFF'S THIRD CHARGE OF DISCRIMINATION CITING
RETALIATION WAS NOT BEFORE THE COURT BASED UPON DEFENDANT'S EARLIER
MOTION FILED WITH THE U.S. DISTRICT COURT CITING PLAINTIFF DID NOT
EXHAUST HIS ADMINISTATIVE REMEDIES.   THE U.S. DISTRICT COURT GRANTED
DEFENDANT'S MOTION CITING THAT PLAINTIFF DID NOT EXHAUST HIS
ADMINISTRATIVE REMEDIES AND PLAINTIFF'S THIRD CHARGE WAS NOT BEFORE
THE COURT. SUBSEQUENTLY DENYING PLAINTIFF HIS DUE PROCESS RIGHTS
BASED UPON DEFENDANT'S ISSUANCE UNDER FRAUD PROVIDING THE FLORIDA
COMMISSION FOR HUMAN RELATIONS A LETTER APRIL 11, 2013, CITING THE U.S.
DISTRICT COURT HAD JURISDICTION OVER PLAINTIFF'S THIRD CHARGE WHEN THE
U.S. DISTRICT COURT ISSUED AN ORDER DENYING PLAINTIFF RELIEF. FCHR ISSUED
A DETERMINATION NO JURISDICTION. PLAINTIFF WAS ENTITLED TO RELIEF
PURSUANT TO HIS FEBRUARY 26, 2013, TIMELY CHARGE WITH FCHR. PLAINTIFF
WAS ENTITLED UNDER FLORIDA LAW TO FILE HIS CHARGE 365 THREE HUNDRED
SIXTY FIVE DAYS FROM THE DISCRIMINATORY ACT. DEFENDANT DISCRIMINATED
AGAINST PLAINTIFF MARCH 5, 2012, IN RETALIATION FOR AN EARLIER EEOC
CHARGE FILED DECEMBER 7, 2011. PLAINTIFF FILED A SEPARATE AND TIMELY
THIRD CHARGE OF RETALIATION WITH FCHR FEBRUARY 26, 2013.

February 26, 2013, Plaintiff contacted Defendant. Plaintiff informed

Defendant that he was filing a charge with the Florida Commission on Human

24

Relations (FCHR). Plaintiff informed Defendant that he had applied for six

positions with Work Force Central Florida. (WFCF). Plaintiff informed Defendant

that Kevin Neal, Human Resources, and the H.R. Manager Laurie Asbury was

made aware of Plaintiff's application for employment made March 5, 2013.

Defendant's Counsel stated to Plaintiff that he could not file his charge with FCHR

because his claims were dismissed by the "Federal Court". Defendant further

stated that, Ford & Harrison are the representatives for WFCF and as a state

agency FCHR will not accept Eaves charge. And they will be notified not to accept

the charge. Defendant then notified FCHR on several occasions; and also e-mailed

FCHR; however, to no avail FCHR did not return Eaves phone calls nor did Eaves

receive a reply. Eaves continued his attempt to reach FCHR and report what

Defendant had stated to him and also, Plaintiff requested that his FCHR charge

which was filed February 26, 2013, be prepared. February 28, 2013, and March

2013, Plaintiff "persistently contacted" FCHR. To no avail Eaves did not receive

response.

March 15, 2013, Plaintiff e-mailed the Executive Director Michelle Wilson

and informed her of the conversation between Plaintiff and Defendant. Mrs.

Wilson was made aware via email that Defendant stated members of FCHR would

be notified not to file Eaves charge of discrimination. March 19, 2013, Plaintiff

25

received an e-mail from <u>Mary Smith, INTAKE SPECIALIST FOR FCHR</u>. Mrs. Smith e-mailed Plaintiff a copy of his FCHR charge, and requested that Plaintiff sign, date, and return his charge to her e-mail, and mail the original to the FCHR office.

April 11, 2013, Defendant filed a statement of position demanding to "FCHR that it not be disclosed to plaintiff" or any other source who may review the record, citing, under knowingly fraudulent statements, Plaintiff cannot file a charge with FCHR because the Federal court has jurisdiction over Plaintiff case. This statement was false and Flynn was aware at that time the court ruled that the court would not entertain Plaintiffs March 5, 2012, charge because defendant previously argued in a motion to dismiss that Plaintiff's did not exhaust his administrative remedies. However, Plaintiff did exhaust his administrative remedies. Defendant committed this same type of practice in December 2011. Davis and Defendant conspired not to entertain Plaintiffs request for an Amendment in his 2011 EEOC charge. Defendant represented to the court, EEOC, and FCHR fraudulent testimony in-order to deny Plaintiff Due Process in filing a legitimate EEOC charge with the appropriate Administrative Agencies which have province over matters of sort; and are vested under Federal Law to investigate all claims of discrimination which are a direct result and violation of the 1964 Civil Rights act.  As a Direct result of Defendant's actions Plaintiff was denied Due

Process. Plaintiff did not receive a fair and unbiased investigation in his December

7, EEOC charge nor Plaintiff's February 26, 2013 FCHR charge.  Neither Neal nor

Hinton provided proof of identification to prove as a matter of law

they're the affiant whom signed the affidavit.  Neither Hinton nor Neal

signed their affidavit affirming they understand the penalty of perjury.

Neither Hinton nor Neal maintains a signature of proof from a notary

acknowledging as a witness affiant's statement, *Nissho  Iwai. AM. Corp*

v. *Kline*, 845 F2d-1300, 1305 (5th Cir. 1988). Unsworn statements in the

form of responses or questions made by a witness and simultaneously recorded

by the interviewee were inadmissible hearsay. A person's unsworn responses to

interview questions that have been recorded by a THIRD PARTY are inadmissible

HEARSAY when offered for their truth and thus, are to be excluded from the

courts consideration upon a party's Motion for Summary Judgment, *Gell* v. *Town*

*of Aulander*, 252 F.R.D. 297 (E.D.N.C. 2008); *Friedel* v. *Cityof Madison*, 832 F2d.

965 (7th Cir 1987).  *Neal's statement infers that he had a conversation with Willie*

*Cooper pursuant to the meeting (which only present was Cooper and Eaves) on*

*December 21, 2011. Therefore, Neal's statement about what allegedly happened*

*premised on his conversation with Cooper is HEARSAY,* Riley v. Jones, Bros,

27

Constr. Co, 198 Ill APP 822, 826, 556, N.E. 2d 602, 144 Ill Dec. 924 1st

District (1990). An affiant cannot attest to what a member of his office

knows. Neal's affidavit relies on a statement from Cooper pursuant to a

meeting which took place December 21, 2011, between Eaves and

Cooper. Neal provided the court with his version of the issue, *but, Cooper*

*failed to provide the court with an affidavit. Neal's alleged conversation* he

had with Cooper in his affidavit referencing a meeting between Eaves and

Cooper and the alleged statement between Eaves and Cooper on

December 21, 2011, which Neal states he had with Cooper were not "within

the personal knowledge of the signatory nor was there an explanation why

there was not an affidavit from the person whom the alleged conversation

took place."

The Fourth Cir Court of Appeals has recognized that, an interview

conducted by an attorney who has an interest in the litigation, whereupon, the

interviewees affidavit are created, are not conducive to frank disclosure such that

the interview responses and affidavits that reflect interview answers may be

properly discredited, *National Labor Relations, v. Life Door Co*, 390 F2d. 272, 275-

76 (4th Cir.1968). An affidavit or sworn statement must set forth facts that

conform to the rules of evidence, *State v. Bowman*, 1989. All Federal circuits and

most State jurisdictions have adopted the SHAM affidavit doctrine in some form, *Cain v. Green Tweed & Co, Inc*. 823 A 2d 737, 740 (Del 2003).   An affidavit cannot be submitted in which the affiant alleges NEW or different facts from the previously asserted in an attempt to create a Material Issue for Trial. The mere signing of a statement in the presence of a notary, or a notary's placement of acknowledgement on a statement does not constitute a sworn statement or affidavit, *ORSI v. Kirkwood*, 999 F.2d 86,91, (4th Cir. 1993). A PARTY WHO SUBMITS EVIDENCE IN THE FORM OF AN AFFIDAVIT MUST DO SO IN THE PROPER, AUTHENTICATED FORM. HERE, Affiant's affidavit was neither SWORN to nor stated UNDER PENALTY OF PERJURY, *Schelsteder v. Montgomery County Tex*, 2006 WL 117883, at 3 (S.D. Tex. 2006), *Tishcon Corp v. Sound view communications*, Inc. 2005 WL 6038743 at 4 C.N.D. (Ga 2005); *United States, v. Bueno-Vargas*, 383, F. 3d 1104, 1111 (9th Cir. 2004).

29

## CONCLUSION

Wherefore, based on the foregoing argument and the legal authorities

cited therein, Appellant respectfully requests that this court reverse and remand

with directions.

## CERTIFICATE OF TYPED SIZED AND STYLE

I certify that this brief complies with the typed-volume limitation set forth

in FRAP 32(a)(7)(B). The brief contains 6,037 words

Pro-se Edward Eaves

## CERTIFICATE OF SERVICE

I CERTIFY that I mailed First Class U.S. Postage Pre-paid this Notice of Filing of

Plaintiff/Appellant Initial Brief and Appendix of Plaintiff/Appellant to: U.S. District

Court for the Middle District of Florida Honorable Chief Judge Anne C Conway

401 W Central Blvd Orlando, FL  32801 (b) Esq.  Chelsie Flynn Defendant/Appellee

300 S Orange Ave, Orlando, FL 32801

This __8__ day of December 2014

Pro-se _____

Edward Eaves
1767 West Blvd R4 Charlotte, NC 28208